IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


UNITED STATES OF AMERICA                                        PLAINTIFF


v.                                    CRIMINAL NO. 18-50008-004


JOHNNY NICHOLSON                                                DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's *pro se* **Motion for Reduction of Sentence** and **Supplement** filed on April 16, 2020, and April 17, 2020, respectively. **(Doc. 248, 250)**. The undersigned finds that no response is necessary and that the matter is ripe for consideration.

The Defendant pled guilty to the offense of distribution of five grams or more of a controlled substance (methamphetamine), in violation of 21 U.S.C. § 841(a)(1). (Doc. 91). On October 2, 2018, a judgment was entered sentencing the Defendant to 72 months imprisonment, four years supervised release, a $100.00 special assessment, and a $1,900.00 fine. (Doc. 194).

In the motion currently before the Court, Defendant requests resentencing and release under section 3582(c)(1)(A) due to the "extraordinary and compelling public health crisis created by COVID-19." (Doc. 248). Defendant states there have been 30 positive COVID-19 cases in his current facility and he has no "opportunity for proper social distancing in this environment." (Doc. 250). Defendant states he has underlying health conditions, sickle-cell anemia and hypertension, that makes him more susceptible to possible infection. Id.

"The Bureau of Prisons shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). The undersigned notes that pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may

modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Because Defendant has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant a motion to modify the remainder of his sentence. See United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397 (M.D. La. Apr. 1, 2020) (denying Defendant's motion seeking home confinement due to COVID-19 pandemic, as the Defendant failed to exhaust BOP remedies, did not present extraordinary and compelling reasons warranting such relief, and there was no evidence that the BOP's plan to address the pandemic was not adequate); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899 (D. Md. Mar. 27, 2020) (where the defendant failed to pursue his BOP remedies, court was without authority to grant defendant's motion seeking home confinement based on COVID-19 concerns).

While it is, therefore, not necessary to address the merits of Defendant's motion, the undersigned notes that the Defendant is only 45 years of age and Defendant's Presentence Investigation Report indicates that he reported he had no health problems and was not taking any medications.

Based upon the foregoing, the undersigned recommends **DENYING WITHOUT PREJUDICE** Defendant's **Motion for Reduction of Sentence. (Doc. 248). The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in**

**waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 24th day of April 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE