IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                    CASE NO. 5:18-CR-50008-004

JOHNNY NICHOLSON                                                  DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Johnny Nicholson's Motion for Release (Doc. 260). The Government filed a response (Doc. 267), and Mr. Nicholson filed a supplement (Doc. 271). The Court finds that no hearing is necessary and that the matter is ripe for consideration. For the reasons set forth below, the Court **DENIES** the Motion (Doc. 260).

## I. BACKGROUND

On April 3, 2018, Mr. Nicholson pleaded guilty to Count Five of the indictment charging him with distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On October 1, 2018, the Court sentenced Mr. Nicholson to a 72-month term of imprisonment, four years of supervised release, a $1,900 fine, and a $100 special assessment (Doc. 194). Based upon his sentencing and any associated good-time credits, the Bureau of Prisons ("BOP") projects that Mr. Nicholson's release date is March 13, 2023. *See* Fed. Bureau of Prisons, Find An Inmate, https://www.bop.gov/inmateloc/ (last accessed Jan. 26, 2021).

In April 2020, Mr. Nicholson filed a motion to reduce sentence (Doc. 248), which Chief Magistrate Judge Erin Wiedemann recommended be denied for failure to exhaust administrative remedies (Doc. 251). The Court adopted that recommendation (Doc. 252). After attempting to exhaust his remedies, Mr. Nicholson then filed the instant Motion seeking a reduction of his sentence to one of time served pursuant to

1

18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA"). Mr. Nicholson is a 46-year-old man, and in his Motion he alleges that he is a daily smoker who has also been diagnosed with depression (Doc. 260). He argues that he is "at high risk of getting severe complications or possible death" if he catches COVID-19 and that this vulnerability justifies his early release. *Id.* at p. 1.

## II. LEGAL STANDARD

The FSA permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court looks to the Sentencing Commission's policy statement in the Guidelines as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).

Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Nicholson's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). In his present Motion, Mr. Nicholson presents proof that he requested early release in April 2020, and the Government concedes that he has exhausted his administrative remedies. Since Mr. Nicholson petitioned his warden for early release in April 2020 and more than 30 days have lapsed since then, the Court finds that Mr. Nicholson has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B. Medical Conditions and Section 3553(a) Factors

The Government argues that Mr. Nicholson's medical conditions do not substantially diminish his ability to provide self-care within the environment of a correctional facility if he were to contract COVID-19 and therefore no extraordinary and compelling reason exists to justify Mr. Nicholson's early release. *See* Doc. 203, p. 7. The Court agrees. Mr. Nicholson's medical records indicate that he has a diagnosed history

of depression, but that diagnosis does not place him at higher risk were he to contract COVID-19. Otherwise, Mr. Nicholson's medical records indicate that he is in good health and does not have any conditions that place him at high risk due to COVID-19. As for Mr. Nicholson's allegation that he is a daily smoker, it is true that smoking is a risk factor for increased complications due to COVID-19. See Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Jan. 26, 2021) (noting that smokers "are at increased risk of severe illness from the virus that causes COVID-19"). But in April 2020, Mr. Nicholson signed a form indicating that he did not currently smoke tobacco nor did he smoke tobacco within a month of signing that document (Doc. 267-5, p. 18). Thus, based upon the evidence before the Court, it appears that Mr. Nicholson has no medical conditions that rise to the level of an extraordinary and compelling circumstance justifying a reduction in his sentence.

Further, the Court finds that Mr. Nicholson is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. According to the PSR,[1] Mr. Nicholson was engaged in a methamphetamine trafficking organization that involved five other individuals. Mr. Nicholson was held responsible for approximately 87 grams of actual methamphetamine, and he received a two-level enhancement for his minor role in the offense; his total offense level was a 25. See Doc. 117, pp. 6–7. Mr. Nicholson's criminal history category was a V, and his criminal history included the armed robbery of an apartment where he

---

[1] At sentencing, the Court adopted the PSR without any changes. See Doc. 195, p. 1.

4

brandished a firearm at his victims. *Id.* at p. 10. Accordingly, Mr. Nicholson's Guideline range was 100 to 125 months of imprisonment. Thus, his ultimate sentence of 72 months was below this Guideline range.

By the Court's calculation, it appears that Mr. Nicholson has served approximately 35 months—or 49%—of his 72-month sentence. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar drug trafficking activities. Both Mr. Nicholson's conduct as a member of the methamphetamine trafficking organization and his criminal history were very serious, and he already benefited from receiving a below-Guideline sentence. Indeed, no one else in the drug trafficking organization received less than a 72-month sentence, so allowing Mr. Nicholson to complete his sentence in 35 months would create a significant disparity with his co-defendants. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that Mr. Nicholson's sentence of 72 months is just and fair under the totality of the circumstances.

For these reasons, the Court finds that neither Mr. Nicholson's medical conditions nor the Section 3553(a) factors justify compassionate release of Mr. Nicholson.[2]

---

[2] To the extent Mr. Nicholson asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where Mr. Nicholson serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Johnny Nicholson's Motion for Release (Doc. 260) is **DENIED**.

**IT IS SO ORDERED** on this 28th day of January, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE